[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11124
Non-Argument Calendar

_____

D. C. Docket No. 03-00090-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMIE LEON JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 2, 2006)**

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jamie Leon Johnson appeals his 151-month sentence imposed following his guilty plea to possession with the intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii).

After agents from the Combined Law Enforcement Against Narcotics ("CLEAN") Taskforce received information that Johnson was distributing crack cocaine, they executed a search warrant on Johnson's residence in December 2002 and found crack cocaine, cocaine powder, ecstacy, marijuana, and firearms and ammunition. In May 2003, a confidential informant ("CI") for CLEAN made a controlled purchase of 45 pieces of crack cocaine from Johnson. In April 2004, CLEAN agents arrested Johnson, who was a fugitive, and, when he was arrested, the agents found marijuana, ecstasy, cocaine powder, and crack cocaine in Johnson's duffel bag.

Johnson was sentenced to 151 months' imprisonment, and he appealed his sentence. We vacated Johnson's sentence and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court had applied the sentencing guidelines as mandatory.

At Johnson's resentencing hearing, Johnson requested that the court impose a sentence below the guideline range of 151 to 188 months because (1) his parents

2

were drug addicts; (2) his father died of AIDS when Johnson was 13 years' old; (3) he had witnessed violence throughout his childhood; and (4) he quit school because he wanted to help support his family. The district court noted that Johnson was convicted in 2002 for a cocaine offense, but Johnson did not learn from his mistake and was not helping his family by selling drugs. The district court stated that it had considered Johnson's arguments and the factors set forth in 18 U.S.C. § 3553(a) and imposed a sentence of 151 months.

On appeal, Johnson argues that the district court did not adequately address his history and characteristics, including his drug use and difficult upbringing with an abusive father. Johnson contends that his case is comparable to United States v. Cunningham, 429 F.3d 673, 679-80 (7th Cir. 2005), in which the Seventh Circuit vacated a defendant's sentence when the district court did not address the defendant's principal argument for mitigation. He also argues that the sentence was greater than necessary to comply with the purposes of sentencing in § 3553(a).

We have held that "[i]n reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006). In determining whether a sentence is reasonable, the district court should be guided by the § 3553(a) factors. Booker, 543 U.S. at 261, 125 S.Ct. at

3

765-66; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).

Section 3553(a) provides that district courts must consider, inter alia, (1) the

applicable guideline range; (2) the nature and circumstances of the offense; (3) the

history and characteristics of the defendant; (4) the need for the sentence imposed

to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment for the offense; (5) the need for adequate deterrence;

(6) protection of the public; and (7) the need to avoid unwarranted sentencing

disparities. 18 U.S.C. § 3553(a). Although the court must be guided by these

factors, we have held that "nothing in Booker or elsewhere requires the district

court to state on the record that it has explicitly considered each of the § 3553(a)

factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426

F.3d 1324, 1329 (11th Cir. 2005). "[A]n acknowledgment by the district court that

it has considered the defendant's arguments and the factors in section 3553(a) is

sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir.

2005). Although a sentence within the advisory guidelines range is not per se

reasonable, we ordinarily expect such a sentence to be reasonable. Id. at 787-788.

We recently held that "a district court may determine, on a case-by-case basis, the

weight to give the Guidelines, so long as that determination is made with reference

to the remaining section 3553(a) factors that the court must also consider in

4

calculating the defendant's sentence." United States v. Hunt, No. 05-11671, manuscript op. at 12 (11th Cir. Aug. 10, 2006). The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Talley, 431 F.3d at 788.

Here, the record reveals that the district court adequately and properly considered the § 3553(a) sentencing factors and the advisory guideline range in sentencing Johnson. The 151-month sentence was reasonable for several reasons. First, as in Scott, the district court explicitly stated that it had considered the § 3553(a) factors. The district court did not need to state on the record its explicit consideration of every § 3553(a) factor, nor did it need to address every argument for a variance. See Scott, 426 F.3d at 1329. Second, after hearing about Johnson's family circumstances, the district court acknowledged its consideration of those circumstances but determined that the sentence was sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

Third, Johnson argues that the guidelines do not take into account certain factors that § 3553(a) requires the court to consider, specifically Johnson's disadvantaged upbringing and drug addiction, suggesting that the court should have given more weight to those § 3553(a) factors than the guideline range. In Hunt, we held that "an across-the-board prescription regarding the appropriate

5

deference to give the Guidelines" was not in order, and "[t]here are many reasons a district court may choose to follow the Guidelines in a particular case - namely that the Guidelines are an accumulation of knowledge and experience and were promulgated over time by the Sentencing Commission, an agency instructed to consider the section 3553(a) factors." Hunt, No. 05-1167, manuscript op. at 9. In Hunt, the district court made statements that could be interpreted as presumptions in favor of the guidelines, but we affirmed the district court because the court's decision to defer to the guidelines was case-specific and based on consideration of the § 3553(a) factors. Id. at 12-13. In this case, as in Hunt, the court made a case-specific analysis, based on its consideration of Johnson's arguments, but ultimately found that Johnson's behavior demonstrated that he had not learned from his mistakes and was not helping his family. Therefore, Johnson's sentence was not the result of an improper sentencing procedure because the court's decision to defer to the guidelines was case-specific and took into account the § 3553(a) factors. See Hunt, No. 05-1171 manuscript op. at 13.

Fourth, the statutory maximum sentence in this case was 40 years' imprisonment, and the district court was bound only by the ceiling imposed by statute. See 21 U.S.C. § 841(b)(1)(B)(iii); United States v. Duncan, 400 F.3d 1297, 1308 (11th Cir.), cert. denied, 126 S.Ct. 432 (2005) (recognizing that the

6

statutory maximum sentence, not the guideline sentence, is the maximum sentence permitted by law). Accordingly, Johnson's 151-month sentence was approximately one fourth of the maximum sentence allowable by law, and it cannot be said that his sentence was unreasonable. See, e.g., Winingear, 422 F.3d at 1246 (affirming the defendant's sentence as reasonable where it was one-tenth of the statutory maximum sentence).

Fifth, Johnson's reliance on Cunningham is misplaced. In Cunningham, Cunningham's attorney argued that even the minimum sentence under the guidelines would be unreasonable based on Cunningham's extensively-documented history of psychiatric illness. Cunningham, 429 F.3d at 676-77. The Seventh Circuit found that the district court had "brushed aside" Cunningham's arguments, leaving the Court in doubt as to whether the district court judge "connected the facts relating to the statutory factors to the sentence he imposed." Id. at 676. The Court found two major problems with the sentencing decision: (1) the district court stated that Cunningham had "decided not to cooperate against" his co-conspirator, even though this finding was not in the record; and (2) the district court failed to mention Cunningham's psychiatric problems and substance abuse. Id. at 677-78.

Here, unlike in Cunningham, the district court did not "brush aside"

Johnson's argument about his family background. In explaining that Johnson had not learned from his mistakes, and his drug dealing was not helping his family, the court demonstrated that it had considered Johnson's "history and characteristics," see 18 U.S.C. § 3553(a)(1). Further, in discussing that Johnson was arrested in 2002 and 2003, and numerous drugs were found, a fact that Johnson does not contest, the court showed that it had considered the need to "promote respect for the law," see 18 U.S.C. § 3553(a)(2)(A); the need "to protect the public from further crimes," see 18 U.S.C. § 3553(a)(2)(C); and the need "to afford adequate deterrence to criminal conduct," see 18 U.S.C. § 3553(a)(2)(B). Moreover, in noting that only the crack cocaine counted in the guideline calculation, but marijuana, powder cocaine, and ecstasy were also found, the court showed that had considered the "nature and circumstances" of the offense, 18 U.S.C. § 3553(a)(1). Additionally, in discussing that the 151-month sentence was sufficient to serve as deterrence, the court showed that it considered the need for the sentence "to afford adequate deterrence to criminal conduct," see 18 U.S.C. § 3553(a)(2)(B). Finally, the court implicitly demonstrated that it had considered the other § 3553(a) sentencing factors when it stated that it had considered the arguments of the parties.

Finally, the court imposed a sentence at the low end of the guideline range,

and, for the reasons discussed above, nothing in the record suggests that the low-end sentence was unreasonable.  See Talley, 431 F.3d at 788 (affirming sentence where nothing in the record suggested that the low-end sentence was unreasonable).  Thus, Johnson failed to carry his burden of showing that his sentence was unreasonable.

Johnson also argues that the district court erred as a matter of law in failing to address his principal argument regarding his difficult upbringing, in violation of Fed.R.Crim.P. 32(i)(3)(B).

We "review questions involving the legality of a sentence de novo."  United States v. Vincent, 121 F.3d 1451, 1453 (11th Cir. 1997) (quoting United States v. Taylor, 11 F.3d 149, 151 (11th Cir. 1994)).  Where a defendant failed to raise an issue in the district court, however,  we review only for plain error.  United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005).  Under plain error review, we, at our discretion, may correct an error where (1) an error occurred; (2) the error was plain; (3) the error affects substantial rights; and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  United States v. Olano, 507 U.S. 725, 732-36, 113 S.Ct. 1770, 1777-79, 123 L.Ed.2d 508 (1993) (internal quotations and citations omitted).  Here, Johnson raises his Rule 32(i)(3)(B) argument for the first time on appeal.  Nevertheless, Johnson's

argument fails under either standard of review for the reasons discussed below.

Rule 32 provides as follows:

> At sentencing, the court must—for any disputed portion of the presentence report or other converted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.

Fed.R.Crim.P. 32(i)(3)(B). In interpreting a former, but similar, version of Rule 32,[1] we determined that "[t]o demonstrate a technical transgression of [the former Rule 32], all that is necessary is that an allegation of a specific factual error in the [PSI] was before the district court and that the [] judge did not make either of the alternative findings." United States v. Boatner, 966 F.2d 1575, 1581 (11th Cir. 1992).

We, however, have clarified that, at least with respect to the former version of Rule 32, the rule is applicable only to objections to a probation officer's factual findings, instead of his or her legal opinions or conclusions. See Vincent, 121 F.3d

---

[1] This former version of Rule 32 provided:

> If the comments of the defendant and the defendant's counsel or testimony or other information by them allege any factual inaccuracy in the [PSI] or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.

See Fed.R.Crim.P. 32(c)(3)(D) (1992).

10

at 1453. In <u>Vincent</u>, we determined that the defendant, in challenging the legal conclusion that a sentence enhancement was applicable, had failed to demonstrate that his PSI contained a controverted factual allegation. <u>See</u> <u>id.</u>

Similarly, in arguing a Rule 32(i)(3)(B) violation, Johnson has failed to identify unresolved factual allegations. Indeed, at Johnson's resentencing, Johnson conceded that he was not disputing either the facts in his PSI or the guideline calculations. The government and the court did not dispute that Johnson had a difficult upbringing or that he was addicted to drugs. Moreover, as discussed above, the record, at least implicitly, shows that the court considered all of § 3553(a)'s sentencing factors and the mitigating facts Johnson offered as they related to these factors. Finally, Johnson's reliance on <u>Cunningham</u> is misplaced because, in <u>Cunningham</u>, the Seventh Circuit noted that Rule 32(i)(3)(B) appeared to relate only to factual disputes, and there are no factual disputes in this case. <u>See</u> <u>Cunningham</u>, 429 F.3d at 678. Even if the court's determination of how the undisputed facts should affect Johnson's sentence is a controverted matter, the court resolved the matter when it found that Johnson's sentence was sufficient, but not greater than necessary, to meet the purposes of sentencing after considering all the sentencing factors and Johnson's arguments. Thus, Johnson's argument as it relates to Rule 32(i)(3)(B) is without merit. Accordingly, we discern no reversible

error and affirm Johnson's sentence.

**AFFIRMED.**